## Wytheville

J. N. LEHMAN, PETITIONER v. C. H. MORRISSETT, STATE TAX COMMISSIONER, AND OTHERS, RESPONDENTS.

June 14, 1934.

Present, All the Justices.

The opinion states the case.

*C. Victor Werne,* for the petitioner.

*W. W. Martin* and *Henry R. Miller, Jr.,* for the respondents.

GREGORY, J., delivered the opinion of the court.

This proceeding originates in this court on a petition filed by J. N. Lehman, a citizen and taxpayer in his own behalf and in behalf of other citizens and taxpayers similarly situated, against C. H. Morrissett, State Tax Com-

missioner, A. B. Gathright, State Comptroller, and John
C. Goode, commissioner of the revenue of the city of Rich-
mond. The prayer of the petition is that this court
" * * * declare and decree that the co-operative marketing
act of Virginia, as amended, is invalid in its entirety, but
if not invalid in its entirety then to declare the sections
thereof as enumerated herein to be invalid and in con-
travention to the Constitution of Virginia and of the
United States; that a peremptory writ of mandamus may
be issued by this honorable court commanding and com-
pelling the State Tax Commissioner, the State Comp-
troller, and the commissioner of the revenue, as aforesaid,
to proceed forthwith and assess and collect all taxes
against and from all associations and corporations organ-
ized under said co-operative marketing act of Virginia,
as amended, which taxes are found to be due the State of
Virginia, and that the said respondents be required to
perform such other public duties as the evidence may
show they should have performed had it not been for the
enactment of the co-operative marketing act of Virginia
as amended." * * *

The first two paragraphs of the petition set out at length
various sections of the co-operative marketing act and
amendments thereto. Paragraphs 3, 4, 5, 6, 7, 8 and 9 of
the petition raise the question of the constitutionality of
different sections of said act. Paragraphs 10 and 11 there-
of read as follows:

"Your petitioner further represents that because of the
invalid acts of the General Assembly as set forth above
the said respondents, jointly and severally, have refused,
failed and neglected to perform their public duties as are
imposed by law upon them in that they have not assessed
and/or collected taxes as provided by the general laws
and the Tax Code against and from associations and cor-
porations organized and conducting business within this
State under the provisions of the said act, and because of
the failure of the said respondents to perform their public
duties the State of Virginia has been deprived and con--

tinues to be deprived of large sums of money as revenue, and that there is now due the State of Virginia the approximate sum of $1,500,000 representing taxes, which should have been assessed and/or collected from associations and corporations organized under the co-operative marketing act of Virginia.

"Your petitioner further represents that by reason of the failure of the respondents to perform their public duties as aforesaid, he and others similarly situated are being deprived of the benefits which would otherwise accrue to them, and that because of the failure of the respondents to perform their public duties as aforesaid your petitioner and others similarly situated are confronted with a great probability of being required to pay increased and additional taxes to provide sufficient revenue to meet the requirements of the government of the State of Virginia, and that being already overburdened with taxes, your petitioner further represents that if the said respondents are required by this honorable court to assess and collect all taxes as required by the general laws from associations and corporations organized under the provisions of the co-operative marketing act he and other taxpayers will be relieved of the necessity of having to suffer additional and increased taxes being assessed against them."

The joint and separate answer of the State Tax Commissioner and the commissioner of revenue for the city of Richmond admit the allegations contained in paragraphs 1 and 2 of the petition; and further, that in the performance of their official duties they have been controlled by the provisions of the co-operative marketing act; that the petition does not allege any request for the performance of any specific ministerial duty; that there is no allegation of fact constituting a basis for the assessment of any tax against any taxpayer; that the allegations contained in certain paragraphs of the petition do not relate to the tax liability of any taxpayer and therefore

are not germane to any issue which might be properly presented in this proceeding.

For the purpose of this proceeding the parties through their counsel stipulated as to the facts which are to be taken as established. Briefly the facts agreed upon are substantially as follows:

That the allegations of the first and second paragraphs of the petition are true; that there are more than twenty-five associations or corporations organized under the co-operative marketing act conducting business in Virginia; that they have done and continue to do an undetermined volume of business in Virginia; that they are permitted to do business with the general public as provided by the said act, and that some of said organizations do business with the general public, but not to an extent in excess of the amount of such business permitted to be done under the act; that the respondents, in performing their official duties as required of them by law, have recognized and have been controlled by the provisions of said act as amended so far as that act applies to their duties; that the respondents in assessing and collecting taxes against said organizations have complied with the provisions of said act; that the petitioner has not requested the respondents to perform any specific ministerial duty; and that the respondents have not assessed or collected from such organizations any taxes from which they are exempt by the terms of said act.

Upon motion of the State Comptroller in which motion the petitioner joined, the suit was abated as to him because he was improperly joined as a respondent.

It will be observed that the relief sought by the petitioner has as its basis the unconstitutionality of the co-operative marketing act as a whole or as to certain sections thereof which have to do with the exemption of these associations from the general revenue laws of this State. The particular averment is that the respondents "have refused, failed and neglected to perform their public duties as are imposed by law upon them in that they

have not assessed and/or collected taxes as provided by the general laws and the Tax Code against and from associations and corporations organized and conducting business within this State under the provisions of the said act."

Section 30 of the co-operative marketing act, Va. Code 1930, section 1265 (30), the only section thereof which pertains in any manner to the licensing and taxing of associations provided for under the act, is here quoted:

"Annual license fees. Each association organized hereunder shall pay an annual license fee of ten dollars, but shall be exempt from all license taxes, or taxes upon capital stock or reserve funds held by it."

Since the sole allegation of the petitioner against the respondents consists of the failure of the respondents to perform their official duties to assess and collect all taxes against and from all associations and corporations organized under the co-operative marketing act which are found to be due the State of Virginia, in this proceeding, the court is limited necessarily to a consideration of that allegation which challenges the validity of section 30 of the co-operative marketing act above quoted, because the latter is the only section of the act which in any manner prescribes what license tax shall be imposed upon associations organized under the act, or exempts said associations from the payment of any license or tax. Other sections of the act bear no relation to the imposition of licenses or the assessment and collection of taxes, and impose no duty to be performed by the respondents. Consequently the other sections of said act, and all allegations in respect thereto, are in no way material and germane to any phase of this case.

It is then within the above limitation that we are brought to the question of the right of the petitioner of a writ of mandamus in this case. The petition is vague and indefinite. It is not alleged, nor do the facts agreed upon show, any specific duty to be performed by the respondents which has not been performed. The petition does

not allege or show with what taxes or for what year or years the associations organized under the co-operative marketing act of Virginia are assessable; nor with what taxes these associations have been exempted contrary to law; nor that any of such associations own any taxable assets which have not been assessed and taxes paid there-on in accordance with the regulatory and general revenue laws of the State. The petition must show on its face a clear legal right to relief which the writ, if granted, would remedy. The writ is never granted in a doubtful case, and especially where, if granted, it would not be effectual. See *People ex rel. Koester* v. *Board of Review*, 351 Ill. 301, 184 N. E. 325, 85 A. L. R. 1303, and annotation. Until such facts are alleged and established there can be no basis for the issuance of a writ compelling the respondents to make an assessment of any tax against any such association.

The writ of mandamus only issues where there is a clear and specific right to be enforced or a duty which ought to be and can be performed, and where there is no other specific and adequate legal remedy by action or otherwise. *Supervisors of Nottoway County* v. *Powell*, 95 Va. 637, 29 S. E. 682.

In 18 Ruling Case Law, at page 119, it is said: "A duty to be enforceable by mandamus must be specific in its nature, and of such character that the court can pre-scribe a definite act or series of acts which will constitute a performance of the duty, so that the respondent may know what he is obliged to do, and may do the act re-quired, and the court may know that the act has been per-formed and may enforce its performance." * * *

Considered in the light of the foregoing established principles it becomes obvious that the petitioner has not presented a case which entitles him to the relief sought.

We are asked to hold the co-operative market-ing act unconstitutional on the ground that its enactment contravenes section 63 (subds. 7 and 18) and section 183 of the Constitution because it is alleged that both of these

prohibit the General Assembly from exempting associations or corporations organized under the provisions of said act from taxes and licenses. In view of our conclusions heretofore expressed, the constitutionality of the act will not be considered. As aptly expressed in the case of *Tyler* v. *Taylor,* 29 Gratt. (70 Va.) 766: "The court is not willing, nor is it any part of its judicial functions to decide questions outside of the case before it and thus constitute itself a moot court to determine abstract questions." Nor will the court anticipate prospective conditions which may never arise in order to declare a law unconstitutional. 12 C. J. 787.

We are therefore of opinion that the writ should be denied, and the petition dismissed.

*Dismissed.*