## Richmond

GAYTON TRIANGLE LAND CO. v. BOARD OF SUPERVISORS OF HENRICO COUNTY.

March 5, 1976.

Record No. 750201.

Present, All the Justices.

*Leonard A. Paris* (D. *Wayne O'Bryan; White, Cabell, Paris &* *Lowenstein,* on brief), for appellant.

*William G. Broaddus, County Attorney* (*John L. Knight, Assistant County Attorney,* on brief), for appellee.

COMPTON, J., delivered the opinion of the court.

In this zoning case, we deal with the subject of exhaustion of administrative remedies.

The property in question is a parcel of 1.83 acres located in western Henrico County which, together with several other parcels, forms a

triangle of approximately 23 acres bounded by Gayton Road, Gaskins Road and an undeveloped extension of Quioccasin Road. Gayton Triangle Land Co., the plaintiff below, purchased the subject property in July 1972 when it was zoned B-3, a category which permits the highest commercial uses authorized in the county. Gayton planned to develop the property "into commercial buildings for sale and also for lease." In March 1973, the Board of Supervisors of Henrico County (Board), the defendants below, rezoned Gayton's property and other parcels in the triangle to PMD, a planned industrial development classification.

In October 1973, Gayton filed this declaratory judgment proceeding against the Board alleging, insofar as pertinent here, that its property had been "confiscated" because the Henrico County Zoning Ordinance required for use purposes a minimum parcel of two acres in a PMD zone. Gayton asserted that the action of the defendants amounted to an unconstitutional taking of its property without due process of law and without compensation, because it had been denied "practical utilization of its property." Gayton prayed that the trial court declare the Board's action void and that the former zoning on its land be restored.

After hearing the evidence, the trial judge denied the relief prayed for, setting forth his reasons in a written opinion which was incorporated in the order entered in October 1974, from which this appeal was taken.

These are the other relevant facts. In 1959, the subject property was rezoned B-3 from its original residential and lower business zoning. At that time, property in the vicinity of the triangle was generally undeveloped, much of it being zoned agricultural. Because of extensive residential development around the triangle subsequent to 1959, the Board in 1971 directed the Planning Commission to submit land use recommendations for the triangle area. After a period of considerable study beginning in November 1971, during which public hearings were held before the Planning Commission and the Board, the County Land Use Plan was amended and subsequently the triangle, along with Gayton's property, was rezoned in March 1973 to PMD.[1]

Gayton purchased the subject property for $90,000 in July 1972. The testimony indicated that in May 1974, the date of the trial, the

---

[1] The reasonableness of this downzoning was not an issue below, it being stipulated that a change in circumstances had occurred in the area which substantially affected the public health, safety or welfare. *See Board of Supervisors* v. *Snell Construction Corp.*, 214 Va. 655, 202 S.E.2d 889 (1974).

property would have a fair market value between $160,000 and $200,-000, if zoned B-3; a value of $40,000 under the PMD zoning, if a variance was granted; and little or no value without a variance under PMD. The record further indicates that the landowner had not sought a variance from the two-acre minimum lot requirement, had not applied for a building permit or a special use permit, and had not filed a plan of development or a site plan.

The gravamen of Gayton's declaratory judgment claim is that the ordinance is invalid *as applied to the subject property*, that is, the 1.83-acre parcel is not large enough to meet the PMD requirement, which provides: "The minimum parcel shall be two acres." [2] But it is obvious that the challenged restriction can be remedied by a variance. A Board of Zoning Appeals is established by Article 19 of the Henrico County Zoning Ordinance, adopted pursuant to Code §§ 15.1-494 to -497, which is authorized upon appeal to grant variances in specific cases. One element which the Zoning Board may consider as the basis for a variance is the "size" of the specific piece of property.[3] Accordingly, these circumstances provoke a threshold issue, raised by the Board, which is dispositive of this appeal.

The Board argues that "Gayton may not seek judicial relief from a specific condition of the county's zoning ordinance as it applies to its property until it has exhausted its remedies before the Board of Zoning Appeals." The trial judge so held, after passing upon other issues presented. We agree and affirm.

■ We hold that when, as in this case, a landowner claims the zoning ordinance is invalid as applied to his specific property, he must exhaust adequate and available administrative remedies before proceeding by declaratory judgment to make a direct judicial attack on the applied constitutionality of the ordinance. *Watson* v. *Norris*, 283 Ala. 380, 384, 217 So.2d 246, 248 (1968); *Metcalf* v. *Los Angeles County*, 24 Cal.2d 267, 269, 148 P.2d 645, 647 (1944); *Lange* v. *Town of Woodway*, 79 Wash.2d 45, 50, 483 P.2d 116, 118 (1971). *See* 3 R. Anderson, *American Law of Zoning*, § 24.06 at 668; 2 A. Rathkopf, *The Law of Zoning and Planning*, 35-10 (1972); 2 Yokley, *Zoning Law and Practice* (3d ed.), § 18-11 at 397-98. For discussion of a related but different issue, see *Board of Supervisors* v. *Rowe*, 216 Va. 128, 216 S.E.2d 199 (1975), where we noted that a "landowner

---

[2]There is no claim that a two-acre minimum lot requirement in a planned industrial area is unconstitutional on its face.

[3]Code § 15.1-495 (b); Henrico County, Va., ordinance 179, § 19.421, January 1, 1960, as amended.

challenging the validity of a zoning ordinance as applied to his property need not apply for a variance before bringing his declaratory judgment action if the challenged restrictions or obligations could not be remedied by variance." 216 Va. at 133 n. 4, 216 S.E.2d at 205.

The facts of this case demonstrate the reason and logic of the foregoing rule. In the first place, it is elementary the courts will not anticipate circumstances which may never materialize in order to decide a constitutional issue. *Lehman* v. *Morrissett*, 162 Va. 463, 469-70, 174 S.E. 867, 870 (1934). In the event that Gayton is granted a variance which will enable it to use the subject property reasonably, it would not be prejudiced by the ordinance which it seeks to have declared unconstitutional and consequently would have no standing to attack it. *Kenyon Peck, Inc.* v. *Kennedy*, 210 Va. 60, 63, 168 S.E.2d 117, 120 (1969). Therefore, whether it will be necessary to consider the applied constitutionality of the ordinance in question cannot be determined until Gayton has exhausted the administrative remedies provided by that ordinance. *State ex rel. Lieux* v. *Village of Westlake*, 154 Ohio St. 412, 417, 96 N.E.2d 414, 415 (1951).

Secondly, and in a similar vein, it must be remembered that boards of zoning appeals function to vary, within the confines of the law, specific terms of zoning ordinances to the end that the intent of the zoning law may be effectuated. *Board of Zoning Appeals* v. *Fowler*, 201 Va. 942, 946, 114 S.E.2d 753, 756 (1960). These boards furnish "elasticity in the application of regulatory measures so that they do not operate in an arbitrary or confiscatory and, consequently, unconstitutional manner." *Florentine* v. *Town of Darien*, 142 Conn. 415, 425, 115 A.2d 328, 333 (1955). Until the administrative procedure is energized and the administrative function called into play, it cannot be said that the zoning power has been fully and finally applied. Accordingly, until these administrative remedies are exhausted in this case, Gayton has not been finally denied reasonable and proper use of its property; it has merely been prevented from using it as it wishes.

For these reasons, the judgment of the trial court is affirmed, without prejudice to Gayton's right to pursue its administrative remedies.

*Affirmed.*