### Richmond

BOARD OF SUPERVISORS OF
HENRICO COUNTY, ET AL.

V.

MARKET INNS, INC., T/A, ETC.

Record No. 812219.

September 7, 1984.

Present: All the Justices.

*John L. Knight, Assistant County Attorney (Joseph P. Rapisarda, Jr., County Attorney*, on briefs), for appellants.
*John G. Mizell, Jr. (Nicholas A. Spinella; Spinella, Owings, Jackson & Steverson*, on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The Board of Supervisors of Henrico County and the individual members of the Board (collectively, the County) appeal from a decree in favor of Market Inns, Inc., t/a Saddles (Market Inns), declaring a zoning restriction unconstitutional. The restriction provides as follows:

Any establishment permitted in this District, except a hotel or motel, shall not begin service to the public or any outside activity before 6:00 A.M. nor extend any outside activity or hours of service after 12:00 A.M. midnight.

The County's zoning ordinance creates three business districts. The restriction applies to a B-1 Neighborhood Business District and to a B-2 Community Business District but not to a B-3 General Business District. The business uses permitted in a B-1 district are least intensive and those in a B-3 district most intensive. In a B-1 district, uses permitted are those designed to provide services to an adjacent residential neighborhood. Those permitted in a B-2 district are business uses considered necessary to serve a more diverse community of which an adjacent residential neighborhood is a part. B-3 districts generally are located along major thoroughfares, although portions of some border on residential zones.

Beginning in October 1979, Market Inns operated a restaurant under its corporate name in a free-standing building located in a B-2 district. That restaurant ceased operations in June 1980. A year later, new owners of the corporation opened another restaurant ("Saddles") in the same building. In September 1981, the County served notice of violation of the restriction on Market Inns, and Saddles began closing at midnight. The new owners filed a bill of complaint challenging the County's statutory authority to enact the restriction and praying for an injunction against its enforcement on the ground the restriction violates Market Inns' constitutional rights to due process and equal protection. Market Inns also demanded damages for business losses incurred on account of the midnight closing.

The County filed a motion to strike the damage claim and an answer alleging, as a threshold defense, that the attack on the validity of the restriction was not ripe for adjudication because Market Inns had failed to exhaust its administrative remedies. In rulings from the bench, the chancellor rejected the County's thres-

hold defense; declared that the County had no authority under the enabling statutes to regulate business hours of operation; held that the zoning restriction was not reasonably related to public health, welfare, and safety; and ruled that the legislative classification denies Market Inns equal protection of the laws. By final decree entered November 2, 1981, the chancellor sustained the County's motion to strike the damage claim but declared the zoning restriction "unconstitutional, null and void" and granted Market Inns' prayer for a permanent injunction.

In support of its position that the zoning restriction is invalid, Market Inns argues that "[t]he General Assembly has not expressly granted to the Board the power to regulate hours of operation"; that the economic loss it suffered when the restriction was enforced was property taken without due process of law; and that the exemption accorded businesses in a B-3 district and "[t]he attempted regulation of the hours of business of all commercial establishments in a B-2 zoning classification other than a motel and hotel represents different treatment for similarly situated businesses" in violation of the equal protection clause.

Citing Code §§ 15.1-427, -486, -488, -489, and -510, the County argues that the enabling statutes, by necessary implication, grant local governments the power to regulate business hours in business districts for the benefit of adjacent residential areas; that such ordinances satisfy due process demands because they are reasonably related to the public health, safety, and welfare; and that the classification made by the legislative body rests upon the rational basis required by case law construing the equal protection clause.

We need not consider the merits of the chancellor's rulings on the statutory and constitutional validity of the zoning restriction, for we are of opinion that the chancellor erred in rejecting the County's threshold defense.

The second paragraph of the zoning restriction fashions an administrative remedy available to any business owner in a B-2 district who feels aggrieved by the constraint.[1] It provides that "[t]he hours of service . . . may be extended up to twenty-four hours per day by the authorization of a provisional use permit by the board of supervisors after public hearings". The Board may grant such permits "subject to such conditions . . . as the board may pre-

---

[1] This remedy is not available to an owner in a B-1 district.

scribe . . . [and] to revocation at any time . . . for . . . failure . . . to adhere to . . . stated conditions". Market Inns, which first began operating a restaurant in a B-2 district in October 1979, did not file an application for a provisional use permit until October 5, 1981, two days before it filed its bill of complaint. So far as the record reveals, that application is still pending.

A party complaining of the impact of a zoning ordinance on his property rights has no standing to make a judicial attack upon the validity of the ordinance until he has exhausted the administrative remedies available to him. *Gayton Triangle* v. *Henrico County*, 216 Va. 764, 766-67, 222 S.E.2d 570, 572 (1976). As Market Inns points out, however, this rule does not apply unless the "administrative remedy [is] equal to the relief sought". *Bd. Sup. James City County* v. *Rowe*, 216 Va. 128, 133, 216 S.E.2d 199, 205 (1975).

Market Inns' reliance upon *Rowe* is misplaced, for the remedy by variance considered there is unlike the administrative remedy available to parties aggrieved by the midnight closing requirement. The variance required to effect the relief sought by the landowners in their judicial attack upon the zoning ordinance in *Rowe* would have amounted to a total exemption from the restrictions and obligations imposed. Because such a variance would have changed the character of the zoning district and defeated the purpose of the zoning ordinance in violation of Code § 15.1-495(b), any applications filed by the landowners would have been futile. Thus, the variance remedy was inadequate and the doctrine of exhaustion of remedies did not apply.

Market Inns argues that a provisional use permit is "a totally inadequate remedy" because of the delay involved in public hearings and because the County has authority to impose "elaborate bureaucratic conditions" and to revoke a permit "for the slightest whim of any complainant". That argument rests upon the possibility, purely conjectural, that a permit may be arbitrarily denied, encumbered with unreasonable conditions, or revoked without just cause. It is also possible, however, that a permit may be granted unconditionally and, once granted, never revoked. And it is possible that an applicant would be permitted to operate around the clock, subject only to such conditions as deemed necessary to promote the purpose the ordinance is designed to achieve. In such event, the applicant, having exhausted its administrative remedies,

would have standing to seek judicial relief from any condition it considered unreasonable.

"[I]t is elementary the courts will not anticipate circumstances which may never materialize in order to decide a constitutional issue." *Gayton Triangle*, 216 Va. at 767, 222 S.E.2d at 572. And courts applying the doctrine of exhaustion of remedies will not treat an available administrative remedy as inadequate within the intendment of our holding in *Rowe* merely because the administrative agency is vested with administrative discretion or because the procedure involved is slow or bothersome.

We hold, therefore, that Market Inns failed to exhaust an available administrative remedy adequate to achieve the relief sought in the court below and that the chancellor erred in adjudicating the statutory and constitutional issues. We will affirm the chancellor's ruling sustaining the County's motion to strike Market Inns' damage claim. Insofar as the chancellor ruled that the zoning restriction is invalid, we will reverse the decree and vacate the injunction, without prejudice to Market Inns' right to pursue its application for a provisional use permit.[2]

*Affirmed in part and reversed in part.*

---

[2] By assignment of cross-error, Market Inns questions the chancellor's oral ruling rejecting its contention that it had established a lawful non-conforming use under Code § 15.1-492. We do not consider this assignment. Market Inns did not plead such a use in its bill of complaint, it did not allege facts to support a finding of such a use, and "no court can base its judgment or decree upon facts not alleged or upon a right which has not been pleaded and claimed." *Ted Lansing Supply* v. *Royal Alum.*, 221 Va. 1139, 1141, 277 S.E.2d 228, 229 (1981).