## CIRCUIT COURT OF CHESTERFIELD COUNTY

Noel

v.

Chesterfield County and
Chesterfield County
Board of Supervisors

August 18, 1995

Case No. CH94-1575

By Judge Herbert C. Gill, Jr.

The parties were before the Court on August 7, 1995, on Defendant's Demurrer and Motion to Crave Oyer. The Court heard arguments of counsel *ore tenus*, and memoranda were submitted on behalf of both parties. After reviewing the memoranda, § 15.1-496 of the Virginia Code and applicable case law, this Court is of the opinion that the Defendant's Demurrer should be sustained.

It is a well-settled rule in Virginia that exhaustion of administrative remedies where zoning ordinances are involved is essential before a judicial attack may be mounted against the interpretation of such ordinances. *Phillips v. Telum, Inc.*, 223 Va. 585, 590 (1982); *Gayton Triangle v. Henrico County*, 216 Va. 764, 766-67 (1976); *Dick Kelly Enterprises v. City of Norfolk*, 243 Va. 373 (1992).

Under § 15.1-496.1 of the Code of Virginia, any person aggrieved by any decision of the Zoning Administrator may appeal to the Board of Zoning Appeals within 30 days. The code contemplates appeal to the Board of Zoning Appeals before appeal to the Circuit Court. In *Dick Kelly*, the Virginia Supreme Court said that the unlawfulness of the use in question in that case was "a thing decided" and was not subject to attack by the landowner as the result of his election not to appeal the decision by the Zoning Administrator to the Board of Zoning Appeals within the appropriate time period. The Court said that the landowner had the opportunity

as a matter of right to appeal to the Board of Zoning Appeals and then to the Circuit Court.

The case at hand can be distinguished from *Rinker v. City of Fairfax*, 238 Va. 24, 381 S.E.2d 215 (1989), which Plaintiff cites for the proposition that all necessary administrative remedies have been exhausted in the case at hand. In *Rinker*, the Court stressed that the landowner had fully run the legislative gauntlet once and that the city had illegally imposed involuntary conditions on the landowner when the property was rezoned. The conditions making circuit court review appropriate in *Rinker* have not been met in this case.

Additionally, the fact that the notice required by § 15.1-496.1 concerning the proper forum and time for appeal was not on the written certificate from the Zoning Administrator does not make this case ripe for circuit court review. The Code takes care of any failure to include this notice by providing that the appeal period shall not commence until such notice is given.

The Court hereby sustains the Defendant's Demurrer.