Present:  All the Justices

TOWN OF JONESVILLE, ET AL.

v.    Record Nos. 961738    OPINION BY JUSTICE ELIZABETH B. LACY
           and 962016               June 6, 1997

POWELL VALLEY VILLAGE
LIMITED PARTNERSHIP, ET AL.

FROM THE CIRCUIT COURT OF LEE COUNTY
Ford C. Quillen, Judge

In 1989, the Town of Jonesville (the Town) adopted a zoning ordinance establishing zoning classifications for the entire town and procedures for enforcing the ordinance.  In 1990, pursuant to the ordinance, Powell Valley Village Limited Partnership applied for, and received, a zoning permit to construct low and moderate income residence apartments on land it owned in the Town.  The Town amended its zoning ordinance in 1993 by requiring a special use permit for buildings with more than six residential units.  In 1994, Powell Valley Village Limited Partnership and its general partner, Hunt & Associates of Virginia, Inc. (collectively "the Housing Group") applied for a building permit based on its 1990 zoning permit.  Jack Collins, the county building inspector charged with enforcing the state building code and town ordinance, ultimately denied the building permit stating that the Housing Group had to "resubmit" the apartment project for zoning approval.

The Housing Group filed this action seeking a declaratory judgment that it had a vested right in the 1990 zoning permit or, alternatively, that the 1989 zoning ordinance and "all amendments thereto" were void because the Town had not adopted

a comprehensive plan prior to adoption of the ordinance.  The Housing Group's pleadings also contained a petition for issuance of a writ of mandamus to require the county building inspector to issue a building permit.  Following discovery, the Housing Group filed a motion for summary judgment on its declaratory judgment count.  The trial court, after considering the briefs and arguments of counsel, granted the Housing Group's motion for summary judgment, holding that when the 1989 ordinance was adopted the Town had not adopted a comprehensive plan pursuant to Code §§ 15.1-446.1 and -490 and, therefore, "the zoning ordinance was void ab initio."  At a subsequent hearing on the Housing Group's petition for mandamus, the trial court granted the petition and ordered the county building inspector to issue the building permit upon payment of the building permit fee.  We awarded appeals to the Town and the county building inspector from both orders and combined the appeals for review.

The Town and the county building inspector raise a number of assignments of error on appeal relating to the trial court's orders granting the declaratory judgment and the petition for a writ of mandamus.  Many of the issues are interrelated and, for convenience and clarity, will be considered in categories.

I.  Exhaustion of Administrative Remedies

Relying on Gayton Triangle Land Co. v. Board of Supervisors of Henrico County, 216 Va. 764, 222 S.E.2d 570 (1976), and Phillips v. Telum, Inc., 223 Va. 585, 292 S.E.2d 311 (1982), the Town argues that the Housing Group had to

exhaust its administrative remedies before it could file a declaratory judgment action or a petition for mandamus.[1] Because the Housing Group did not appeal the county building inspector's March 1994 decision denying the building permit to the board of zoning appeals, the Town argues, the trial court should have dismissed this action.

As a general rule, administrative remedies must be exhausted before a court will take cognizance of a zoning dispute. Board of Supervisors of Henrico County v. Market Inns, Inc., 228 Va. 82, 86, 319 S.E.2d 737, 739-40 (1984). In Gayton Triangle, the landowner sought a declaratory judgment that a rezoning ordinance was unconstitutional as applied to its property. In holding that the landowner had failed to exhaust its administrative remedies, the Court reasoned that the restrictive rezoning could have been remedied by a variance granted by the board of zoning appeals and until that body acts, "it cannot be said that the zoning power [had] been fully and finally applied." 216 Va. at 767, 222 S.E.2d at 573. Similarly, in Phillips, the contract purchaser of land sought a writ of mandamus when it was denied a building permit because the county planner determined that the proposed use was not permitted in the zoning district. We held that the applicant could not file a petition for a writ of mandamus because the

---

[1] [1]This assertion was initially raised in the Town's special plea to dismiss. The trial court did not directly rule on the plea, but the decision of the trial court implicitly ruled on the issue and denied the plea. Lowry v. Noell, 177 Va. 238, 241, 13 S.E.2d 312, 313 (1941).

board of zoning appeals had the power to interpret the zoning ordinances and, in a case involving ordinance interpretation, the applicant must "exhaust administrative remedies by appealing to the appropriate board of zoning appeals before resorting to court action."  223 Va. at 589, 292 S.E.2d at 314.

In this case, the Housing Group challenged the validity of the ordinance based on the Town's failure to comply with §§ 15.1-446.1 and -490.  The authority of zoning administrators and boards of zoning appeals is prescribed by statute.  Board of Zoning Appeals of James City County v. University Square Assocs., 246 Va. 290, 294, 435 S.E.2d 385, 388 (1993).  No statute confers the authority to rule on the validity of zoning ordinances upon zoning administrators or boards of zoning appeals.  While zoning administrators and boards of zoning appeals must necessarily interpret zoning ordinances to execute their responsibilities, that obligation does not give rise to a power to declare these ordinances invalid.  That is a determination within the sole province of the judiciary.  See Holland v. Johnson, 241 Va. 553, 555-56, 403 S.E.2d 356, 357-58 (1991).  Thus, in this case, unlike Gayton Triangle and Phillips, there was "no administrative remedy equal to the relief sought" which the Housing Group could have acquired.  Board of Supervisors of James City County v. Rowe, 216 Va. 128, 133, 216 S.E.2d 199, 205 (1975); see also Notestein v. Board of Supervisors of Appomattox County, 240 Va. 146, 153, 393 S.E.2d 205, 209 (1990).  Accordingly, the Housing Group was not required to appeal the county building inspector's

determination or to apply for a new zoning permit under the zoning ordinance as amended in 1993.

II. The Validity of the 1989 Zoning Ordinance

Municipalities in Virginia can only exercise those powers expressly or impliedly granted to them and only in the manner prescribed by the General Assembly. Board of Supervisors of Fairfax County v. Horne, 216 Va. 113, 117, 215 S.E.2d 453, 455-56 (1975). Failure to abide by the statutory prescriptions for the adoption of an ordinance renders the ordinance void ab initio. City Council of Alexandria v. Potomac Greens Assocs. Partnership, 245 Va. 371, 378, 429 S.E.2d 225, 228 (1993).

In 1975, the General Assembly enacted legislation which required all governing bodies in the state to adopt a comprehensive plan by 1980. § 15.1-446.1. Such plans must be reviewed every five years. § 15.1-454. Section 15.1-490 requires that zoning ordinances be drawn with "reasonable consideration for" the comprehensive plan. Matthews v. Board of Zoning Appeals of Greene County, 218 Va. 270, 277 n.1, 237 S.E.2d 128, 132 n.1 (1977).

The Town asserts that its 1989 zoning ordinance "comports with every requirement of a comprehensive plan except that it does [not] have a label that calls it a comprehensive plan." Relying on cases from other jurisdictions and the provisions of § 15.1-446.1 which allow a comprehensive plan to include a zoning ordinance, the Town argues that the contents of the document should determine whether the document is a comprehensive plan and, in this case, the Town satisfied the

comprehensive plan requirement when it adopted the 1989 zoning ordinance. The record, however, does not support the Town's contention.

A comprehensive plan, as described by the General Assembly, is general in nature and serves as a guide for the coordinated development of the territory to meet the present and future needs of the community and promote the general welfare of its citizens. § 15.1-446.1. It is a studied plan for zoning, adopted after consideration of public comment. Id. Prior to its adoption, a local governing body must conduct studies covering a wide range of factors including existing land use and development, trends and growth, population, employment and economic factors, public facilities, transportation facilities, and housing needs. § 15.1-447. The local planning commission must hold public hearings on the proposed comprehensive plan, § 15.1-448, and if approved by the planning commission, the governing body, after public hearing and notice, may adopt, amend, or disapprove the plan. § 15.1-450.

The zoning ordinance in this case, while a comprehensive zoning regulation, does not contain a number of the elements required to be included in a comprehensive plan under § 15.1-446.1, such as "long-range recommendations for the general development of the territory covered by the plan" and indications of "where existing lands or facilities are proposed to be extended, widened, removed, [or] relocated." Furthermore, the record in this case does not indicate that any

of the studies required by § 15.1-447 were conducted or that the planning commission considered, held hearings, or recommended the plan to the governing body in accordance with § 15.1-448.[2]  Accordingly, we conclude that the 1989 zoning ordinance, as amended, did not constitute a comprehensive plan under § 15.1-446.1.

Allowing a municipality to adopt a zoning ordinance without considering a comprehensive plan, because it does not have such a plan, would permit manipulation of the zoning statutes and condone violation of §§ 15.1-446.1, -454, and -490.  A comprehensive plan provides a guideline for future development and systematic change, reached after consultation with experts and the public.  "[T]he Virginia statutes assure [landowners] that such a change will not be made suddenly, arbitrarily, or capriciously but only after a period of investigation and community planning."  Board of Supervisors of Fairfax County v. Snell Constr. Corp., 214 Va. 655, 658, 202 S.E.2d 889, 892 (1974).  While the Town is correct in its arguments that neither the statutes nor our prior cases specifically require a local government to enact a comprehensive plan before it enacts a zoning ordinance, considering all relevant statutes as we must, Board of Supervisors of King & Queen County v. Cox, 155 Va. 687, 707, 156 S.E. 755, 761 (1931), we conclude that §§ 15.1-446.1 through -498 reflect a legislative prescription for local

---

[2]  [2] The Town does not argue that it was prevented from introducing such evidence.

zoning actions which, after 1980, required the adoption of a comprehensive plan prior to the adoption of a zoning ordinance.

## III.  Remedy

### A.  Declaratory Judgment Action

The Town urges that, even if the trial court was correct in declaring the ordinance void _ab initio_, it nevertheless erred in failing to suspend its order to allow the Town sufficient time to take appropriate legislative action.  The Town argues that the result of the trial court's action is to leave the Town without any zoning regulations.  Under these circumstances, the Town suggests that the procedure adopted in _Board of Supervisors of James City County v. Rowe_, 216 Va. 128, 216 S.E.2d 199 (1975), should be adopted here.  In _Rowe_, James City County's entire zoning ordinance was declared unconstitutional but, because the effect of the trial court's decree "was to leave the land unzoned," the case was remanded to the trial court with instructions to enter an order suspending the decree for a period of time during which further legislative action could be considered.  _Id._ at 148, 216 S.E.2d at 215.  Such a procedure, the Town adds, is also consistent with this Court's decision in _Potomac Greens_, in which, after declaring an amendment to a zoning ordinance of the City of Alexandria void _ab initio_ for failure to comply with certain notice requirements, the Court directed that the decision "shall operate prospectively only, and shall not affect other amendments enacted prior to our decision in this case."  245 Va. at 378, 429 S.E.2d at 229.

We agree with the Town's assertion concerning the prospective nature of the decision and direct that the holding in this case -- that adoption of a comprehensive plan is a prerequisite to the adoption of a zoning ordinance -- is limited to the instant case and shall operate prospectively only.  See also Perkins v. County of Albemarle, 214 Va. 416, 418, 200 S.E.2d 566, 568 (1973).  We disagree, however, that suspension of the decision in this case is consistent with, or required by, our previous cases.

The relief awarded in Rowe was based on facts materially different from the facts in this case.  In Rowe, the trial court declared a zoning amendment, which rezoned an area of the county from a B-1 to a B-2 classification, unconstitutional.  The effect of this decision was to leave unzoned territory that previously had been zoned.  Thus, the decision did not return the territory to the same zoned status it held prior to the enactment of the unconstitutional zoning amendment.  216 Va. at 148, 216 S.E.2d at 215.  In the instant case, prior to 1989, the Town had no zoning ordinance at all.  Therefore, the effect of the decision of the trial court is to return the territory to the same unzoned status it held prior to the enactment of the void ordinance.  See Matthews v. Board of Zoning Appeals of Greene County, 218 Va. at 283, 237 S.E.2d at 135-36.

In Potomac Greens, while we directed that our decision apply prospectively only and that it not affect other amendments to the city's zoning ordinance, we held that the zoning amendment at issue was void ab initio and could not be

enforced by the City of Alexandria.  245 Va. at 378, 429 S.E.2d at 228.  Likewise, the Town's 1989 zoning ordinance challenged in this case, including "all amendments thereto," is void ab initio and may not be enforced by the Town.  Accordingly, under the facts of this case, we hold that the trial court was not required to suspend the effective date of its decision until the Town could take further legislative action.

### B.  Mandamus

The Town also argues that the trial court erred in issuing a writ of mandamus because the issuance of the building permit was not a ministerial function, the building permit fee had not been paid, and the county building inspector had no authority to issue the permit.  These arguments are not well taken.

The record is clear that the county building inspector denied the building permit for the sole reason that the Housing Group did not have a zoning permit under the Town's zoning ordinance.  When the trial court's decision eliminated this requirement, issuing the building permit was "'no longer discretionary but ministerial and mandatory.'"  Phillips, 223 Va. at 591, 292 S.E.2d at 314 (quoting Planning Commission of Falls Church v. Berman, 211 Va. 774, 777, 180 S.E.2d 670, 672 (1971)).  Additionally, the trial court conditioned the issuance of the writ upon the Housing Group's payment of the building permit fee.

Finally, we reject the Town's argument that the county building inspector had no authority to issue the permit once the ordinance was declared invalid.  The county building

inspector is charged with enforcing the Virginia Uniform Statewide Building Code (the Building Code) in Lee County. The Building Code requires issuance of a permit prior to construction of any building to insure that the proposed work conforms to the requirements of the Building Code. U.S.B.C. §§ 105.1, 109.1 (1994). Towns such as Jonesville, with populations of less than 3,500, may elect to administer the Building Code; however, if the town does not so elect, the county in which the town is located is responsible for the administration and enforcement of the Building Code. Code § 36-105. There is nothing in the 1989 zoning ordinance or the record in this case which indicates that the Town has elected to undertake the responsibility of administering or enforcing the Building Code. Therefore, the county building inspector has the authority to issue the permit in this case.

Accordingly, for the reasons stated, we will affirm the judgment of the trial court.

<u>Affirmed.</u>