## CIRCUIT COURT OF NELSON COUNTY

Orion Sporting Group, L.L.C.

v.

Nelson County
Board of Supervisors et al.

Case Nos. CH04-0019 and CH04-0020

BY JUDGE J. MICHAEL GAMBLE

June 14, 2004

The defendants have moved the Court to stay discovery until the motion, plea, and demurrer hearing in this case on August 31, 2004. The plaintiff has advised the Court that the case involving the "corporate training facility" (also described as "shotgun sports center" in the bill of complaint), has been settled. Accordingly, the discovery in CH04-0020 will not be considered. The ruling set forth in this letter applies to CH04-0019.

The plaintiff will be allowed to proceed with some discovery related to the defendants' plea in bar. The motion to drop and the demurrer are essentially legal issues related to the allegations in the pleadings. The estoppel plea in the context of this case is more of an evidentiary plea and must be resolved by evidence at trial. Accordingly, discovery pertaining to these preliminary matters is stayed.

I will now address the particular items of discovery requested in CH04-0019. Interrogatory number 1 must be answered. Interrogatory number 2 must be answered with reference to paragraphs 9 through 12 of the plea in bar. Interrogatory number 3 must be answered. Interrogatory number 4 must be answered as to any meetings which are official meetings of the board or which qualify as meetings under the Freedom of Information Act. Interrogatory numbers 5 and 6 will not be answered at this time.

I will now state the rulings with respect to the production of documents. The defendants shall produce all documents sought in requests 1, 2, 3, and 4 of the Requests for Production of Documents.

The defendants are directed to furnish responses to the discovery by July 16, 2004.

June 23, 2004

I am writing to furnish you with my ruling on the discovery responses required in CH04-0020. In my letter of June 14, 2004, I set forth the discovery response requirements in CH04-0019.

The plaintiff will be allowed to proceed with some discovery related to the defendants' plea in bar. The motion to drop and the demurrer are essentially legal issues related to the allegations of the pleading. The estoppel plea, in the context of this case, is more of an evidentiary plea and must be resolved by evidence at trial. Accordingly, discovery related to the motion to drop, demurrer, and estoppel plea are stayed.

Interrogatory number 1 must be answered. Interrogatory number 2 must be answered with reference to paragraphs 9 through 12 of the plea in bar. Interrogatory number 3 must be answered with reference to the plea in bar. Interrogatory number 4 will not be answered at this time.

I will now state the rulings with respect to the production of documents. The defendants shall produce all documents sought in Requests 1 and 3. Requests 2 and 4 will not be answered at this time.

The defendants are directed to furnish responses to the discovery by July 16, 2004.

October 4, 2004

I am writing to rule on the pleas in bar in the above cases.

*Case No. CH04-0020*

The plea in bar is sustained as to Count One, Count Two, Count Three, Count Four, and Count Five. It is overruled as to Count Six.

Counts One, Two, Three, Four, and Five are an appeal of the decision of the Nelson County Board of Supervisors. On February 4, 2004, the Nelson County Board of Supervisors denied the petition of Orion for a conditional use permit to operate a shotgun sports center in an Agricultural A-1 District. Orion

did not file its appeal until March 16, 2004. This is beyond the thirty-day limit for noting an appeal under Va. Code § 15.2-2285(F).

Va. Code § 15.2-2285(F) provides:

> Every action contesting a decision of the local governing body adopting or failing to adopt a proposed zoning ordinance or amendment thereto or granting or failing to grant a special exception shall be filed within thirty days of the decision with the circuit court having jurisdiction of the land affected by the decision. . . .

The date of filing of the appeal is beyond the thirty-day limit provided by the Code of Virginia. Thus, the jurisdictional time limit for noting the appeal had expired by the time Orion filed the appeal in the circuit court.

Orion has advanced a number of arguments that the appeal was timely. First, Orion argues that the Code of Virginia does not define "decision." Accordingly, Orion argues that the thirty day time limit did not begin to run until the Nelson County Zoning Administrator sent his letter of February 17, 2004, advising Orion that it had thirty days to note an appeal from the decision. This Court does not agree with that analysis.

The Code of Virginia does not define the word "decision." Accordingly, the Court must give that word its ordinary meaning. The word decision is defined as the "act of deciding; determination (of a question or doubt); making up one's mind; that which is decided; a resolution." *The American College Dictionary* (1967). The transcript of the Board of Supervisors meeting on February 4, 2004, clearly indicates that the Board of Supervisors engaged in the "act of deciding," made a "determination," made up their mind, and adopted "a resolution." This fits the ordinary meaning. The Supreme Court of Virginia has stated that "It is our duty to take the words which the legislature has seen fit to employ and give them their usual and ordinary signification. . . ." *Commonwealth v. Sanderson,* 170 Va. 33, 38-39, 195 S.E. 516 (1938).

Orion also argues that the Court should give great weight to the Zoning Administrator, who is charged with enforcement of the ordinance. Citing the Supreme Court of Virginia, Orion argues that the construction of a statute by officials charged with its administration and enforcement is entitled to great weight by a Court. *Tazewell County Sch. Bd. v. Brown,* 267 Va. 150, 163, 591 S.E.2d 671 (2004); *Masterson v. Board of Zoning Appeals,* 233 Va. 37, 44, 353 S.E.2d 727 (1987).

Fred M. Bogar, the Nelson County Zoning Administrator, stated in his letter of February 17, 2004, to Orion that he is "required by State Law to

advise you that you or any other citizen can appeal the Board's decision within thirty (30) days from the date of this letter to the Nelson County Circuit Court." Based upon this letter, Orion asserts that the Zoning Administrator has construed the statutory term "decision" to mean when the Zoning Administrator communicates the final determination of the Board of Supervisors to the applicant. The Court does not agree with this interpretation.

*Masterson, supra,* did not involve a Zoning Administrator's interpretation of the state code. The Zoning Administrator construed a local ordinance. *Tazewell County Sch. Bd. v. Brown, supra,* involved the interpretation of the term "teacher" established by the State Board of Education. Again, this was not an interpretation of a statute. Pure statutory interpretation is the prerogative of the judiciary. *Hampton Roads Sanitation Dist. v. City of Chesapeake,* 218 Va. 696, 702, 240 S.E.2d 819 (1978). In cases where statutory interpretation is the issue, "little deference is required to be accorded the agency decision because the issue falls outside of the agency's specialized competence. *Sims Wholesale Co. v. Brown-Forman Corp.,* 251 Va. 398, 404, 468 S.E.2d 905 (1996).

In the instant case, it is the function of the Court to decide when the decision is made pursuant to Va. Code § 15.2-2285(F). Thus, no deference is given to the Zoning Administrator. Also, the argument that the appeal must be made within thirty days after the Zoning Administrator's letter fails in its practical application. Not only is it possible for the applicant to note an appeal, it is also possible for an affected landowner to note an appeal. A letter to the applicant does not notify another interested party of the Board of Supervisors decision. This is why it is logical to use the actual date of the Board of Supervisors decision because this is the date on which all interested parties know that a decision has been made.

Next, Orion argues that the Zoning Administrator's letter of February 17, 2004, constitutes a decision by the Zoning Administrator under Va. Code § 15.2-2311. Va. Code § 15.2-2311 provides that an aggrieved person may appeal the decision of a Zoning Administrator to the Board of Zoning Appeals within thirty days after the decision. This appeal can be made from any decision or determination made by a Zoning Administrator in the administration or enforcement of Article 7 of the zoning ordinance. This analysis is not correct for several reasons. First, the Zoning Administrator did not make any ruling or decision concerning the appeal period. He merely communicated the decision of the Board of Supervisors on the conditional use permit application. Also, courts, not public officials, are charged with statutory interpretation. *Sims, supra.*

Orion also argues that the defendant is estopped from asserting that the plaintiff filed its appeal too late by virtue of the letter of Fred Bogar dated February 17, 2004. This argument does not overcome a plea in bar where the county acts in a governmental function rather than a proprietary or ministerial function. It is clear that Virginia law holds that local governments act in a governmental capacity when dealing with zoning matters. *Dick Kelly Enterprises v. City of Norfolk*, 243 Va. 373, 381, 416 S.E.2d 680 (1992); *Segaloff v. City of Newport News*, 209 Va. 259, 261, 163 S.E.2d 135 (1968). Accordingly, equitable defenses, such as estoppel, waiver, and laches, do not apply in this case. None of the cases cited by Orion hold that zoning actions by a governmental body are ministerial rather than governmental.

Orion also argues that the defendant has not carried its burden to prove that the decision of the Board of Supervisors was made on February 4, 2004. This argument is based upon the ruling in *Massie v. Firmstone* that a party can rise no higher than the party's own testimony. *Massie v. Firmstone*, 134 Va. 450, 114 S.E. 652 (1922). This argument is not applicable for several reasons. First, Fred Bogar, the Zoning Administrator, is not a party. The Board of Supervisors of Nelson County is the party in this case. Next, this is an effort to assert the estoppel defense to the plea in bar by another method. As noted above, estoppel does not apply in this case.

Next, it is important to discuss why Counts One, Two, Three, Four, and Five are subject to the plea in bar and Count Six survives. Count One and Four advance the argument that the action of the Board of Supervisors denying the conditional use permit is unreasonable and arbitrary and capricious. These are classic challenges to a zoning decision. *Byrum v. Board of Supervisors*, 217 Va. 37, 225 S.E.2d 369 (1976); *Board of Supervisors v. Pyles*, 224 Va. 629, 300 S.E.2d 79 (1983). Thus, these counts encompass issues which were clearly subject to the decision of the Board of Supervisors on February 4, 2004, from which the appeal has been taken.

Count Two alleges racial discrimination. Count Three alleges conflict of interest. Count Five alleges estoppel. Both the claim of racial discrimination and conflict of interest are part of the issues that were before the Board of Supervisors on February 4, 2004, and subject to the appeal. The racial discrimination claim, while it contains hardly any facts, is nothing more than an appeal from the decision of the Board of Supervisors. The conflict of interest claim is likewise part of the decision of the Board of Supervisors on February 4, 2004. These are matters which must have been raised on appeal within thirty days from the decision on February 4, 2004.

The estoppel claim is not applicable because, as noted above, estoppel does not apply when a public entity is acting in a governmental function. Zoning is a governmental function.

This leaves Count Six, the constitutional claim. In Count Six, Orion alleges that its constitutional right to hunt has been violated. This was an issue that was not subject to the decision of the Board of Supervisors on February 4, 2004. Further, the plaintiff alleges in Count Six that the action of the Board of Supervisors violates the plaintiff's right to hunt under the Virginia Constitution. Among other things, the plaintiff argues that the denial of the conditional use permit to allow a sporting clays shooting facility is in effect a county-wide ban on such use. Additionally, Orion argues that Nelson County has unlawfully banned shooting ranges by its zoning ordinance and land use decisions.

Where a property owner has stated that a zoning ordinance is unconstitutional, he has stated a case of actual controversy which satisfies the declaratory judgment statute. *Board of Sup. of James City v. Rowe*, 216 Va. 128, 132, 216 S.E.2d 199 (1975). Further, where the relief sought is a challenge to the zoning ordinance in its entirety, a declaratory judgment may lie without resort to administrative remedies. *Board of Sup. of James City, supra*, at 133.

In the instant case, Orion is asserting that the Nelson County Zoning Ordinance effectively has a county-wide ban on hunting because it prevents sporting clays shooting facilities and shooting ranges. Accordingly, Count Six of the bill of complaint will survive.

## Case No. CH04-0019

This is a bill of complaint for declaratory judgment. The Court overrules the plea in bar as to Count One, Count Two, and Count Four. The reasons are set forth below.

Count One alleges that the sporting clays shooting facility is one that is permitted by right in an A-1 District in Nelson County. Basically, Orion alleges that hunting and hunt club facilities have been permitted by right by Nelson County. It is alleged that hunting and hunt club facilities encompass shooting sporting clays and thus, the failure to allow shooting of sporting clays in an A-1 District is arbitrary and capricious. Count Two alleges that hunting and hunt club uses in an A-1 District are accessory uses permitted by right in an A-1 District. Orion alleges that the failure to classify shooting of sporting clays as hunting or a hunt club use in an Agricultural District is arbitrary and capricious.

Count Four asserts that Orion is denied the constitutional right to hunt provided by the Virginia Constitution. This is the same allegation as Count Six in CH04-0020 addressed above.

The defendant, in its plea in bar, asserts that Orion has untimely filed the bill of complaint for declaratory judgment and has failed to exhaust its administrative remedies. The plea in bar is sustained as to Count Three, the estoppel count, because this is the same allegation found in Count Five of CH04-0020. The Court has ruled that the estoppel was part of the issue on appeal and that, in the context of zoning, it is a governmental function. Estoppel does not apply to a governmental function. Accordingly, the plea in bar must be sustained to Count Three for the same reasons it was sustained as to Count Five in CH04-0020.

The defendant, in its plea in bar, maintains that the declaratory judgment action is an appeal which is subject to the thirty day limitation under Va. Code § 15.2-2285(F). This plea is overruled as to Counts One, Two, and Four because constitutional issues are raised by the motion for declaratory judgment. The appeal case, CH04-0020, is a review of the action taken by the defendant on the application for a conditional use permit. This case, the motion for declaratory judgment, maintains that Orion should be allowed to engage in the activity of shooting of sporting clays by right in an Agricultural District. The allegations in Counts One, Two, and Four are allegations of legal and constitutional rights to engage in this business. Where it is alleged that constitutional rights are violated and such violations affect the validity of the ordinance as a whole, a declaratory judgment action is proper. *Board of Sup. of James City v. Rowe*, 216 Va. 128, 132-33, 216 S.E.2d 199 (1975). In its allegations under Counts One, Two, and Four, Orion maintains that a sporting clays shooting facility is allowed by right as a hunt club or hunting use in an A-1 District anywhere in Nelson County. This satisfies the requirements for a declaratory judgment action set forth by the Supreme Court of Virginia in *Board of Sup. of James City v. Rowe, supra.*

In its plea in bar, the defendant also asserts that Orion has failed to exhaust its administrative remedies. In essence, the defendant argues that Orion has failed to pursue an appeal through the Board of Zoning Appeals on the issues raised in the motion for declaratory judgment. It is correct that, where a landowner claims a zoning ordinance is invalid as applied to his specific property, he must exhaust adequate and available administrative remedies before proceeding by declaratory judgment to make a direct judicial attack on the applied constitutionality of the ordinance. *Gayton Triangle v. Henrico Co.*, 216 Va. 764, 766, 222 S.E.2d 570 (1976). In *Gayton Triangle, supra*, the issue involved a 1.83 acres parcel of land which had been rezoned.

In the instant, however, the constitutional challenge is to the failure to classify a sporting clays shooting facility as hunting or a hunt club which is a use by right in an A-1 Agricultural District anywhere in Nelson County. Thus, the constitutional challenge in this case involves the question of an A-1 District anywhere in Nelson County, while the challenge in *Gayton Triangle, supra,* involved a 1.83 acres parcel.

Additionally, in order for a landowner to be required to exhaust administrative remedies, the landowner must be aggrieved. *Vulcan Materials Co. v. Board of Supervisors,* 248 Va. 18, 24, 445 S.E.2d 97 (1994). In *Vulcan,* the court held that there must be an application "pending asking for a specific relief" before a property owner can be aggrieved. *Vulcan, supra,* at 24. (*Vulcan* applied the predecessor statute to Va. Code § 15.2-2311(A).)

At the time that Orion was advised by the Zoning Administrator to make application for a conditional use permit, there was no petition pending. Accordingly, Orion was not aggrieved and may now file this motion for declaratory judgment action.