## CIRCUIT COURT OF LOUDOUN COUNTY

Stockman

v.

Loudoun County Board of Supervisors

July 31, 1986

Case No. (Chancery) 10349

By JUDGE THOMAS D. HORNE

In this action, complainant, a member of the Board of Supervisors of Loudoun County, seeks to have this court declare invalid a rezoning of a parcel of land known as Ashburn Village. Defendant, Board of Supervisors, has filed a demurrer challenging the standing of one of its members to pursue this action. While not set forth in the demurrer filed by the Board, counsel for the Board has suggested in his memoranda that the Complainant has failed to allege sufficient facts to invoke the jurisdiction of this court. § 8.01-184, Code of Virginia, 1950, as amended; *City of Fairfax* v. *Shanklin*, 205 Va. 227 (1964).

The Court believes that it is not necessary to address the issue of jurisdiction and whether that issue may have been raised by the instant demurrer. Mr. Stockman has thus far failed to plead facts that might justify a finding by this Court that he has standing to pursue this action.

In analyzing the issue of standing, the Court is guided by the appropriate principle to be applied in such cases, that:

> In asking whether a person has standing, we ask, in essence, whether he has a sufficient interest in the subject matter of the case so that the parties will be actual adversaries

and the issues will be fully and faithfully developed. *Cupp* v. *Board of Supervisors*, 227 Va. 580, 589 (1984).

Mr. Stockman must plead facts as might justify a conclusion that he has a "personal stake in the outcome of the controversy." *Cupp, supra* at 589, citing *Duke Power Co.* v. *Carolina Env. Study Group*, 438 U.S. 59, 72 (1978) [quoting *Baker* v. *Carr*, 369 U.S. 186, 204 (1962)]. He contends that as a resident taxpayer and member of the Board, he is entitled to pursue this action. While the Court recognizes that a taxpayer may, under certain circumstances, have standing to pursue an action against the Board, this is not such a circumstance. *Cf. Roper and al.* v. *McWhorter and al.*, 77 Va. 214 (1883); *Gordon* v. *Fairfax County*, 207 Va. 827 (1967). The instant case, as pled, tests the validity of a rezoning of a tract of land privately owned and expenditures of private funds. It does not challenge the use of public property or revenues. Without other evidence, the status of Mr. Stockman as a member of the Board, while it may afford to him the opportunity to challenge the validity of such a rezoning as an active participant in the legislative process, does not grant to him automatic standing to object through the forum of judicial review.

Accordingly, the demurrer of the Board will be sustained. Mr. Finnegan may draw a Decree consistent with this opinion, granting to Complainant, twenty-one days from the entry of such Decree to plead over should he so elect. The Board will have a like period from the time such pleading might be filed to file any additional responsive pleadings as it may be advised.