## CIRCUIT COURT OF LOUDOUN COUNTY

Kay F. Sterrett et al.

v.

Board of Supervisors
of Loudoun County et al.

February 22, 1991

Case No. (Chancery) 12938

By JUDGE THOMAS D. HORNE

On September 6, 1990, complainants filed with this Court a Bill of Complaint consisting of forty-seven numbered paragraphs, including the prayer for relief. The Bill contains fifteen counts in which the rezoning of certain property in the area of Round Hill, Virginia, is attacked for a variety of reasons. With two exceptions, the complainants are described as either property owners or having an interest in property subject to the rezoning. The two parties complainant who do not own lots adjacent to the rezoned parcel are described as residents of the Town of Round Hill. All of the complainants allege that they are taxpayers of the County of Loudoun.

Among the respondents named in the Bill of Complaint are the following: The Board of Supervisors of Loudoun County; the County of Loudoun; the Town of Round Hill; Round Hill Associates; Thomas Nalls, Trustee; Richard C. Riemenschneider, Trustee; James E. Hoyle; Douglas A. Nichols, Trustee; A. William Leeman, Trustee; John E.

Corbally, James M. Furman, Phillip M. Grace, Trustees for John D. and Catherine T. MacArthur Foundation; American Security Bank, N.A.; Junius S. Morgan, Trustee; Katherine O'Leary McQuie, Trustee; Geoffrey A. Eckles, Trustee under the Will of Anita Heurich Eckles, deceased; and Amelia Alice Eckles Lord, Trustee. Collectively, these individual respondents represent all of those entities or persons having an interest in, or are responsible for, the rezoned properties affected by the instant litigation.

At issue in this case is the rezoning of over 1,000 acres of land located to the north, east, and south of the Town of Round Hill, Virginia. The Bill recites the history of the rezoning applications for the tract culminating in approval of the rezoning on August 7, 1990, by the Board of Supervisors of Loudoun County. Complainants suggest that this action of the Board is invalid for a variety of reasons. The reasons include the following: the improper exercise by the Board of its delegated police powers in bringing about the rezoning; the creation of an illegal monopoly through the rezoning process; an invalid delegation of authority to a private developer; a failure to comply with jurisdictional procedural requirements; a failure to comply with the conditions of the proffers or, in the alternative, approval of proffers contrary to statute; failure to comply with the commission permitting requirements of § 15.1-456, Code of Virginia, as amended; the public cost assessment requirements of § 1208.2, *et seq.*, of the Loudoun County Zoning Ordinances; the illegal imposition of a moratorium on the availability of sewer taps as a result of certain proffers; and an illegal usurpation of the authority of the Town of Round Hill to control the expansion of its own water and sewage treatment system.

These general categories of attack are, as observed earlier, broken down into fifteen specific Counts. Thus, Counts I and II allege a failure to follow the Comprehensive Plan. Count III suggests the unlawful and unauthorized exercise of the conditional zoning power. A generalized attack on the rezoning is set forth in Count IV which contends the act of the Board is unreasonable, having no substantial relation to the public health, safety, morals or general welfare. Count V contains an allegation of an improper delegation of authority by the Board to the Town of Round HIll. It is alleged in Count VI, that

the Board has created an illegal monopoly. Complainants suggest in Count VII that the Board, without authority, delegated to a private party and to the Town, matters relating to the providing of water and sewage treatment without the consent of the Loudoun County Sanitation Authority. In Counts VIII, IX, and XV, the complainants suggest certain procedural defects in the notice requirements of the Code preliminary to a rezoning. Count X contains an allegation that the proffers submitted were not properly executed. Complainants contend in Count XII that the rezoning must fail as a result of a failure to comply with the commission permit requirements of § 15.1-496 of the Code of Virginia. In Count XII, the complainants allege the rezoning is illegal because of a failure of the Board to comply with the terms of the County Zoning Ordinance regarding public cost assessments. It is complainants' contention in Count XIII that the rezoning will result in an illegal moratorium on sewer availability within the Urban Limit Line as defined by the Round Hill Area Management Plan. Lastly, Count XIV alleges that the rezoning has resulted in an illegal usurpation by the Board of the Town of Round Hill's right to determine the nature and extent of any extension to their water and sewage system.

These pleadings are confusing. Given the multiplicity of parties and causes of action, there exist problems with respect to issues of standing and justiciability. This is particularly true in light of the relief sought. Complainants seek to set aside the rezoning by the Board of Supervisors. However, the pleadings raise individualized objections to various aspects of the rezoning. Thus, while a proffer may be illegal or unreasonable, invalidation of a proffer need not necessarily invalidate the Ordinance. An analysis of the issues raised in the context of the relief sought drives one to the inescapable conclusion that each Count is but another vindication of the view of the complainants that the Board exceeded the limits of the legitimate exercise of its right to rezone, pursuant to Article 8, Chapter 11, of Title 15.1 of the Code of Virginia.

Due process considerations are not raised by these pleadings. The procedural prerequisites to a proper exercise of legislative authority and the exercise of that authority,

as pleaded, are central to this case. Thus, while an adjoining landowner has a right to contest the rezoning, the facts alleged do not individualize and make specific what may give that party standing to complain of the illegality of a particular proffer. For, as observed earlier, it does not necessarily follow that the invalidation of an individual proffer will result in the invalidation of the rezoning.

The Loudoun County Board of Supervisors has elected to exercise the authority delegated to it to include provisions in its Zoning Ordinance relating to voluntary proffers in connection with the consideration of an application for a rezoning. Section 1202.1, Loudoun County Zoning Ordinance. The purpose of such "conditional zoning" is:

> to provide a more flexible and adaptable zoning method to cope with situations found in such zones . . . whereas, a zoning reclassification may be allowed subject to certain conditions proffered by the zoning applicant for the protection of the community that are not generally applicable to land similarly zoned.

Section 15.1-491.1, Code of Virginia, as amended.

Pursuant to the provisions of the Loudoun County Zoning Ordinance, the Board is guided by certain requirements in acting upon a petition for a rezoning. Section 1208.2, *et seq.*

A petitioner may, however, provide by proffer, for necessary improvements in lieu of having met the specific requirements for development set forth in § 1208.2. *See*, Section 1208.2.5, Zoning Ordinance of Loudoun County. Whether or not the acceptance of a proffer will invalidate a zoning ordinance amendment is dependent upon the individual facts of the case and whether or not the rezoning is reasonable upon an application of the "fairly debatable" test. This is to be distinguished from a challenge *by the applicant* to action by the Board where a series of proffers is made contingent upon the happening of some future event contained in a separate proffer. *See, Rinker v. City of Fairfax*, 238 Va. 24 (1989).

This case is to be judged by the general principle that:

[i]n the exercise of its police powers, the legislative branch of a local government has broad discretion in the adoption of zoning regulations. Its action is presumed to be valid and will not be disturbed by a Court absent clear proof that the action is unreasonable, arbitrary, and bears no reasonable relation to the public health, safety, morals, or general welfare. If the reasonableness of the enactment is fairly debatable, a Court will not substitute its judgment for that of the legislative body, and the legislation will be sustained. [Authorities omitted.] When, however, the presumption of validity is challenged by probative evidence of unreasonableness, the enactment cannot be sustained unless the legislative body meets the challenge with some evidence of reasonableness. The governing body need not prove the reasonableness of its action by a preponderance of the evidence but must only produce evidence to make the question "fairly debatable," (authority omitted).

*City Council of Virginia Beach v. Harrell*, 236 Va. 99, 101, 102 (1988).

Thus, with respect to the exercise of the police power, it has been observed that:

[t]he extent of this power is difficult to define, but it is elastic and expands automatically to protect ·the public against the improper use of private property to the injury of the pubic interest. It must never be exercised except in a reasonable manner and for the welfare of the public.

*Gorieb v. Fox, et al.*, 145 Va. 554, 561 (1926).

With these general principles in mind, the Court will review the myriad of objections raised to the pleadings by the individual defendants.

In their prayer for relief, complainants seek to

be awarded a Declaratory Judgment finding that the rezoning is illegal, invalid and void.

This initial Complaint generated a fire storm of responsive pleadings. In a collateral motion, the complainants raised a separate objection to appearance of counsel and to disqualify counsel and her firm from participation in this case. That Motion has previously been denied and addressed in a prior letter opinion of this Court. *See* letter opinion of November 17, 1990■. The responsive pleadings filed include the following:

(1) *Town of Round Hill*

The Town of Round Hill, by counsel, filed a Demurrer and Motion to Dismiss. The Demurrer of the Town was sustained by Decree entered on November 7, 1990. The Bill as to the Town has not been repleaded.

(2) *Round Hill Associates*

In response to the Bill of Complaint, Round Hill Associates filed a Demurrer, Pleas in Bar, Request for a Bill of Particulars and Motion for Sanctions. These pleadings were later supplemented by a Memorandum of Points and Authorities and a Reply Memorandum.

*The Demurrer*

*Count I.* The Court will *sustain* the Demurrer as to Count I. Failure to follow the Comprehensive Plan does not constitute a separate and independent ground for setting aside a rezoning. It is, however, a valid consideration in determining whether or not the Board acted unreasonably in granting the rezoning. *Board of Supervisors of Loudoun County v. Lerner*, 221 Va. 30 (1980).

*Count II.* The Demurrer will be *sustained*. Defendants correctly state that there is no independent cause of action for rezoning prior to amendment of the Comprehensive Plan. As noted earlier, the Comprehensive Plan is

a consideration in determining the reasonableness of the rezoning. *See, Lerner, supra.*

*Count IV.* The Demurrer is *overruled.* This Count incorporates by reference the paragraphs of Count IV of the Bill of Complaint and details additional grounds for challenging the reasonableness of the rezoning. In considering a Demurrer, the Court must not only consider as true those facts pleaded but all of those facts which may be reasonably inferred from the pleadings. *West Alexandria Properties, Inc. v. First Virginia Mort. and Real Estate Investment Trust,* 221 Va. 134 (1980).

*Counts V, VI, VII.* The Demurrer is *sustained.* As pleaded, the Court finds that these Counts are necessarily included within the general attack on the proper exercise of the police power contained in Count IV. To the extent that it states some other claim for relief, insufficient facts have been pleaded to justify such relief as to the complainants individually or collectively. *Davis v. Board of Supervisors,* 1 Va. Cir. 1 (1957); *Board of Supervisors v. Davis,* 200 Va. 316 (1958).

*Count VIII.* The Demurrer to Count VIII is *overruled.* On Demurrer, the Court must draw all reasonable inferences to be deduced from the pleadings in favor of the pleader. The issue of notice is properly left for a later ruling on summary judgment or upon a trial on the merits.

*Count IX.* The Demurrer to Count IX is *overruled.* Count IX sets forth sufficient facts, which if assumed true, state a claim for relief. Although better practice may have dictated that the alternate theories of relief be individually stated in numbered Counts, this does not render them assailable. As with Count VIII, the issues presented in this Count may bet be left to summary judgment or a hearing on the merits.

*Count X.* The Demurrer to Count X is *overruled.* The factual allegations in Count X are sufficient to withstand Demurrer. Those matters contained in the Demurrer are best left for hearing on summary judgment or on the merits.

*Count XI.* The Court will *sustain* the Demurrer as to Count XI. As noted by counsel, § 15.1-456 specifically exempts from the Commission Permit Review Process, public

areas, facilities, or uses approved through the acceptance of a proffer.

*Count XII.* The Court will *sustain* the Demurrer as to Count XII. While the failure of the Board to comply with the public cost assessment provision of its own ordinance may constitute a consideration in determining the reasonableness of the County's actions in rezoning the property, as pleaded, it is not an independent cause for invalidating the ordinance.

*Counts XIII and XIV.* The Court will *sustain* the Demurrers to Counts XIII and XIV. It is unclear whether the cause of action against the County is an independent cause of action or represents an additional allegation to challenge the reasonableness of the rezoning. If an independent cause, it does not reflect any causal relationship between the action taken and impact on individual complainants. As pleaded, the factual allegations contained in Count XIV do not support the relief sought.

*Plea in Bar as to Counts V, VI, VII, X, XI, XIII, and XIV.*

The Court has previously stated that it has *sustained* the Demurrers as to Counts V, VI, VII, XI, XIII, and XIV. Should counsel replead any of these Counts, the Court will reconsider the Pleas in Bar at that time.

The Court will overrule the Plea in Bar as to Count X. In Count X, the complainants have challenged the authority of the individuals executing the proffer statement which forms a basis for the rezoning. The Court finds that as to the adequacy of the proffer, and as to its binding effect on the individuals making such proffer, the parties have standing herein.

*Plea in Bar as to Counts V, VI, VII, XIII, and XIV.*

The Court has previously sustained the Demurrer as to Counts V, VI, VII, XIII, and XIV. Should the complainant chose to replead those Counts, the Court will consider further the issues of "ripeness" and jurisdiction raised by this Plea in Bar.

*Bill of Particulars as to Count III.*

The Court will direct that complainants furnish a Bill of Particulars as to Count III which will set forth the particulars as to how the rezoning is invalid as an "unlawful and unauthorized exercised of the conditional zoning power" under Section 15.1-491, Code of Virginia, as amended.

*Bill of Particulars as to Count XV.*

The request for a Bill of Particulars as to Count XV is *denied.* As pleaded, the Count states sufficient facts to put the defendant on notice as to the theory under which relief is requested. The defendants may utilize discovery to require complainants to further amplify their pleadings.

*Motion for Sanctions (Section 8.01-271, Code of Virginia).*

The Court does not find that sanctions should be awarded. Although the pleadings are somewhat confusing, they do not evidence or represent at this stage of the proceedings conduct proscribed by § 8.01-271.1, Code of Virginia, as amended. The Motion is *denied.*

(3) *Board of Supervisors of County of Loudoun and the County of Loudoun the Demurrer*

*Count I.* The Demurrer is *sustained* for the reasons previously stated by the Court (i.e. Demurrer of Round Hill Associates).

*Count II.* The Demurrer is sustained for the reasons previously stated by the Court (i.e. Demurrer of Round Hill Associates).

*Count V, VI, VII.* The Demurrer to Counts V, VI and VII is *sustained. See* Court's ruling, *supra* (Round Hill Associates).

*Count XI.* The Demurrer to Count XI is *sustained* for the reasons heretofore stated by the Court in ruling upon the Demurrer of Round Hill Associates to Count XI.

*Count XII.* For the reasons previously stated by the Court, *supra*, the Demurrer is *sustained*.

*Count XIII and XIV.* The Demurrers to Counts XIII and XIV are *sustained*. *See, supra*, ruling of Court as to Round Hill Associates.

### Pleas in Bar

*In General.* Except as to those Counts to which a Demurrers was sustained and which may be repleaded, the general Plea in Bar is *overruled*. As adjoining landowners or persons have an interest in the lands adjacent to those subject to the rezoning, the complainants have standing to bring the instant challenge to the rezoning. *Cf., Stockman v. Loudoun County Board of Supervisors*, 6 Va. Cir. 368 (1986). As to complainants Morisseau and Dahl, the Court will not dismiss them from the case at this time, with leave to the County to request an evidentiary hearing on the issue at a later time should they be so advised.

*Count V.* As the Court has sustained the Demurrer to Count V, it will defer ruling on the Plea in Bar at this time. Should counsel for the complainants chose to replead the Count, counsel may renew the instant Plea.

*Count VI, VII, XIII, XIV.* As the Court has sustained this Demurrer as to these Counts, any action thereon is deferred at this time. Should counsel for the complainants chose to replead the action, then counsel for the defendants may request a further hearing on the Plea in Bar as to these Counts.

### Bill of Particulars

*Count III.* The Court has previously ordered a Bill of Particulars be furnished to Round Hill Associates in this case. A similar Bill shall be furnished as to Count III to the Board.

*Count VIII and XV.* The Court denies the request for a Bill of Particulars as to Counts VIII and XV. The pleadings state sufficient facts to put defendants on notice as to the claims stated in each of the numbered Counts. The Court observes that defendants may utilize

discovery to amplify and further explore each of the allegations.

(4) *American Security Bank, N.A.; Junius S. Morgan, Trustee; Katherine O'Leary McQuie, Trustee*

*Demurrer.* The Court will *sustain* the Demurrer to the Bill of Complaint. The pleadings fail to state sufficient facts upon which it can be considered that there exists between the complainants and defendants an actual controversy. These defendants appear to have nothing more than a secured interest in the property. There is nothing in the pleadings which would indicate that the security interest is or will be affected by these proceedings or by the rezoning by the Board. To the extent that the responsive pleading raises an issue of misjoinder, such misjoinder is not properly reached by demurrer. *See generally.* 14A M.J., *Parties*, § 22.

(5) *Thomas W. Nalls, Trustee; Richard C. Riemenschneider, Trustee; James E. Hoyle*

The Demurrer of these defendants will be *sustained* for the reasons previously stated as to the Demurrers of American Security Bank, N.A.; Morgan, Trustee; and McQuie, Trustee. Note the issue of misjoinder, *supra.*

(6) *Geoffrey A. Eckles (deceased); Amelia Alice Eckles Lord, Sole Surviving Trustee*

The Demurrer of the defendants is *overruled.* Based upon the allegations in the Bill, Ms. Lord, as sole surviving Trustee, would have an interest in the property rezoned, albeit a record lot only, it having been alleged that the Round Hill Associates is the "contract owner."

(7) *Douglas A. Nichols, Trustee; A. William Leeman, Trustee; John E. Corbally, James M. Furman, Phillip M. Grace, Trustees for the John D. an Catherine T. MacArthur Foundation*

The Demurrer of these defendants is *sustained* as they, like certain others who are parties defendant in this action, are shown only to have a security interest in the property. Under the facts alleged, they have no interest affected by the rezoning or the actions of this Court. Note, however, the previous comments concerning misjoinder.

Accordingly, the Court having ruled upon the various matters before it in Demurrer, Plea in Bar, and for a Bill of Particulars, will grant to the complainants twenty-one days to plead over any matter to which a Demurrer was sustained should they be so advised. Counsel shall also file the required Bill of Particulars within a like period of time. In the event counsel for the complainants elect to replead, they may incorporate said particulars in an Amended Bill.