### CIRCUIT COURT OF FAIRFAX COUNTY

Board of Supervisors
of Fairfax County et al.

v.

Sidney E. Martin
and Evylon E. Martin

December 4, 1990

Case No. (Chancery) 113727

By JUDGE JOHANNA L. FITZPATRICK

This case comes before the Court on complainants' Motion for Reconsideration of this Court's July 13, 1990, decision denying the County's Motion for Summary Judgment. The complainants submit that the Court's decision is contrary to established case law because defendants' failure to appeal the Zoning Administrator's orders should preclude them from arguing that they have lawful non-conforming uses on the subject property. For the reasons set forth below, the Court enters Summary Judgment in favor of the County.

Va. Code § 15.1-491(d) states, in part, as follows:

> The Zoning Administrator shall have all necessary authority on behalf of the governing body to administer and enforce the zoning ordinance, including the ordering in writing of the remedying of any condition found in violation of the ordinance . . . .

On November 18, 1985, October 14, 1986, and February 15, 1989, the Zoning Administrator issued notices of vio-

lation to Sidney E. Martin and Evylon E. Martin (hereinafter "defendants"). The Zoning Administrator issued the notices of violation to the defendants for the operation of a vehicle sale, rental, and ancillary service establishment on their property without special exception approval. *See* Fairfax County Zoning Ordinance § 2-304(1). The defendants were directed to clear the violations within twenty-one days of the receipt of the notices.

Va. Code § 15.1-496.1 and Fairfax County Ordinance Sections 18-301 and 18-303 provide, *inter alia*, that any person aggrieved by any decision of the Zoning Administrator made in the administration and enforcement of a Zoning Ordinance may appeal such decision to the Board of Zoning Appeals (hereinafter "BZA") within thirty days of the decision. In the case at bar, the defendants admittedly did not appeal the November 18, 1985, October 14, 1986, and February 15, 1989, decisions and orders to the BZA pursuant to Va. Code § 15.1-496.1. *See* Defendant's Answer to Request for Admissions (June 29, 1990).

On November 7, 1989, the complainants filed a Bill of Complaint for Declaratory Judgment and Injunctive Relief. On December 12, 1989, the defendants filed their Answer to the Bill of Complaint. On June 8, 1990, the Board of Supervisors and the Zoning Administrator of Fairfax County filed a Motion for Summary Judgment. The complainants argued that the Zoning Administrator's decision was final and not subject to review by the Court because the defendants had failed to appeal the determinations and orders of the Zoning Administrator to the BZA within thirty days. *See Gwinn v. Alward*, 235 Va. 616, 369 S.E.2d 410 (1988). On July 13, 1990, this Court denied the County's Motion for Summary Judgment.

Upon review, this Court notes that the Court in *Gayton Triangle Co. v. Board of Supervisors of Henrico County*, 216 Va. 764, 766, 222 S.E.2d 570, 572 (1976), ruled that a landowner "must exhaust adequate and available administrative remedies before proceeding by declaratory judgment to make a direct attack on the applied constitutionality of the ordinance." Moreover, the Court in *Phillips v. Telum, Inc.*, 223 Va. 585, 292 S.E.2d 311 (1982), citing *Gayton*, reasoned:

It is self-evident that, if a plaintiff with a claim of unconstitutional application must exhaust administrative remedies before resorting to court action, *then another plaintiff with a lesser claim of erroneous interpretation must also follow the administrative route to its specified end.*

(Emphasis added.)

The Court in *Phillips* concluded that the rationale of *Gayton* "is equally applicable where, as here, the authority vested by Va. Code § 15.1-495(a) to interpret zoning ordinances is involved." *See also Board of Supervisors of Fairfax County, et al. v. Rossi*, In Chancery No. 110349 (Fairfax County Cir. Ct. 1989) (petition for appeal denied, Rec. No. 900051, April 9, 1990) (where the Court rejected the defendant's non-conforming use argument and entered summary judgment in favor of the county because the issue had not been appealed by the defendant to the BZA). Therefore, the Court finds that the defendants were required to exhaust the available administrative remedy by appealing the Zoning Administrator's decisions and orders to the BZA.

The defendants argue, citing *Knowlton v. Browning-Ferris Industries of Virginia, Inc.*, 220 Va. 571, 260 S.E. 2d 232 (1979), that they should be allowed to put on evidence of non-conforming use. However, the Court in *Knowlton v. Browning-Ferris*, did not address the issue of exhaustion of administrative remedies. In fact, the only situation acknowledged as an exception to the rule is when the administrative remedy is not equal to the relief sought. *See, Board of Supervisors of Henrico County, et al. v. Market Inns, Inc.*, 228 Va. 82, 319 S.E.2d 737 (1984). Therefore, in the case at bar, the Court finds the determinations and orders the defendants contest could have and should have been timely filed and thereafter reviewed and determined by the BZA pursuant to Va. Code Section 15.1-496.1 and Fairfax County Zoning Ordinance Sections 18-301 and 18-303.