# CIRCUIT COURT OF LOUDOUN COUNTY

Mirror Ridge
Homeowners Assn.
and Alex A. Landesco

   v.

Loudoun County
Board of Supervisors et al.

March 10, 2000

Case No. (Chancery) 19490

BY JUDGE JEAN HARRISON CLEMENTS

    Complainants, Mirror Ridge Homeowners Association and Alex A. Landesco, filed their Bill of Complaint for Declaratory Judgment and Injunctive Relief against the Board of Supervisors of Loudoun County, Loudoun County Department of Building and Development, Mirror Ridge Associates, L.C., The Peterson Company, and Exxon Corporation. All Defendants filed Pleas in Bar which were argued by Counsel and sustained by the Court, and the action was dismissed. Thereafter, within the 21-day period, Complainants filed a Motion to Reconsider, which was argued, taken under advisement by the Court, and briefed by Counsel. The final order was suspended by agreement pending the Court's decision on the Motion to Reconsider.

    The Pleas in Bar assert four grounds:

    1. The Court does not have subject matter jurisdiction pursuant to Virginia Code §§ 8.01-184 or 8.01-620;

    2. Complainant Alex A. Landesco does not hold a property interest sufficient to provide standing, is not an aggrieved property owner, and does not have a justiciable interest which gives rise to an actual controversy between the parties;

3. Neither Complainant will be irreparably harmed by the failure to grant either the requested injunction or the requested declaratory judgment; and

4. Complainants do not have standing to judicially enforce zoning ordinance provisions relating to properties they do not own.

The allegations of fact are as follows. In 1977, certain disputes arose regarding the zoning of a 67.3-acre parcel for the Mirror Ridge subdivision. A lawsuit was filed and an Agreement reached on November 6, 1978, which was incorporated in a Decree of this Court entered November 30, 1978. Pursuant to the Agreement, the Board of Supervisors was to revise the zoning classification to allow for the proposed use of the property and was enjoined from uses not in conformity therewith. The Agreement called for ten acres (subsequently designated Parcels 98B and 98C) to be used for commercial community convenience centers and offices.

On July 13, 1995, the Zoning Administrator interpreted the Agreement and Decree to provide that either Parcel 98B or 98C could be developed as a commercial convenience center but not both, the other then to be developed as offices. On November 16, 1995, the Board of Zoning Appeals upheld the Zoning Administrator's decision. Parcel 98B has been developed for commercial use.

On or about July 27, 1998, Defendant Mirror Ridge subdivided Parcel 98C into three smaller parcels: Tax Map Parcels 81-22-1A, 81-22-2A, and 81-22-3A. There was no notice of this action given. On December 21, 1998, Defendant Mirror Ridge conveyed Parcel 81-22-2A to Defendant Exxon who plans to use it as an automotive service station. Complainants believe Defendant Peterson plans to develop Parcel 81-22-1A as an automotive repair facility. Complainants allege that Defendant County, by agreeing to these acts, is failing to comply with the Court's 1978 Decree or the 1995 Zoning Administrator decision. Complainants seek a declaration that the proposed commercial uses are not permitted as contrary to the aforesaid Decree and decision.

Virginia Code § 15.2-2311 provides the procedure for appealing decisions regarding zoning. One aggrieved of a decision of the Zoning Administrator may appeal to the Board of Zoning Appeals. The appeal must be taken within thirty days of the decision appealed. Thereafter, pursuant to § 15.2-2314, a decision of the Board of Zoning Appeals may be appealed by Petition to the Circuit Court for certiorari within thirty days.

Section 15.2-2313 provides that, when a building permit has been issued and construction is sought to be prevented, restrained, or abated as a violation of the zoning ordinance, by suit filed within fifteen days after the start of construction by a person who had no actual notice of the issuance of the

permit, the Court has jurisdiction to determine the issues although no appeal was taken from the decision of the Administrative Officer to the Board of Zoning Appeals.

In this case, there is no allegation by Complainants that either of the above statutory procedures was followed. Indeed, the Court cannot say that the remedy pursuant to § 15.2-2313 is mature. Courts may not anticipate circumstances which may never materialize. *Rinker v. City of Fairfax*, 238 Va. 24, 28 (1989). An aggrieved party is precluded from making a direct judicial attack on a zoning decision if he has failed to exhaust "adequate and available administrative remedies." *Henrico County v. Market Inns, Inc.*, 228 Va. 82, 86 (1984).

Complainants argue that they are only seeking an interpretation by the Court of its decree, a power that rests only with the Court. The Court disagrees. The Court cannot zone property. The Court incorporated an Agreement made by the entity who had the authority to determine zoning issues. Indeed, the allegation is that an interpretation of the zoning requirements contained in the Agreement and Order was made by the Zoning Administrator in 1995. The present allegations really are that the County and/or Zoning Administration are incorrectly interpreting the zoning requirements applicable to the parcels in question. If those allegations are correct, the statute provides administrative remedies not yet exhausted. The Court's ruling on this issue being dispositive, the remaining grounds alleged in the Pleas in Bar are moot.

For the reasons stated above, Complainants' Motion to Reconsider is denied.